<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEKSANDR SOLONICHNYY,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civ. No. 13-7930 (ES)<br><br><br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Petitioner Aleksandr Solonichnyy, a federal prisoner, filed this motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. (D.E. No. 1). Respondent United States of America opposes the petition. (D.E. No. 10). The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons discussed below, relief is denied.

**I.     BACKGROUND**

On or about September 25, 2011, a Byram Township police officer executed a motor vehicle stop on Route 206 near Acorn Street in Byram, New Jersey. The stop involved a 2006 gray Scion with New York license plate number FGH5220 and was registered to Petitioner, who was driving the vehicle with two passengers. After seeing "loose marijuana" and a "loaded pistol magazine" in the car, the officer asked the occupants of the vehicle if there was a gun in the vehicle. (*See* Crim. No. 12-689, D.E. No. 1, Indictment ¶¶ 2-3). Petitioner then stated that there were rifles located in the backseat of the vehicle. (*Id*. ¶ 3). Upon opening the rear passenger-side door, the police officer observed two white boxes with the brand name "Kel-Tec" printed on them, partially

protruding from under the driver's side seat. (*Id.*). Each box was found to contain a Kel-Tec Sub 2000 9mm carbine rifle. (*Id.*). Petitioner later stated that he had attended a gun show in the vicinity of Rochester, New York with the individual who had purchased the rifles. (*Id.* ¶ 4). Thereafter, a criminal history check revealed that Petitioner was "under indictment for criminal possession of a firearm in the second degree" a felony. (*Id.* ¶ 5).

Petitioner was then charged with, and ultimately pled guilty to, being a felon unlawfully transporting a firearm in interstate commerce pursuant to 18 U.S.C. § 922(n).

Petitioner raises an ineffective assistance of counsel claim. (D.E. No. 1, Petition ("Pet.") at 5). According to Petitioner, defense counsel David Holman failed to inform him of the immigration consequences of pleading guilty. (*Id.*).

### III.   DISCUSSION

Section 2255 of Title 28, United States Code, provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255

Petitioner argues that Holman was constitutionally ineffective for failing to inform him that he would be "automatically deportable" as a result of pleading guilty under 18 U.S.C. § 922(n), an aggravated felony under United States immigration law. (Pet. at 5). Petitioner pleads that he would have opted to go to trial had he known of the imminent consequences of his guilty plea. (*Id.*).

To demonstrate an ineffective assistance of counsel claim, the petitioner must first show that, considering all of the circumstances, counsel's performance fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Ross v.*

2

*Varano*, 712 F.3d 784, 798 (3d Cir. 2013). A petitioner must identify acts or omissions that are alleged not to have been the result of reasonable professional judgment or a part of a trial strategy. *See Strickland*, 466 U.S. at 690. Second, a petitioner must affirmatively show prejudice, which is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *See id.* at 694. When discussing plea agreements, as here, the test shifts slightly so that a petitioner must demonstrate "a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

Here, in the affidavit submitted by Mr. Holman, he purports to have told Petitioner of the immigration consequences of his plea. (D.E. No. 10, Ex. 4 ¶¶ 3-6). Additionally, during the March 26, 2013 Rule 11 colloquy before this Court, Petitioner clearly demonstrates that he understood the consequences of pleading guilty. To be sure, the following exchange took place during Petitioner's Rule 11 colloquy:

> Q. Sir, are you a citizen of the United States?
> A. No.
>
> Q. I would like you to now turn to that plea agreement that you have in front of you, and it is dated February 7. And there is an entire paragraph on page 4 that is devoted to immigration consequences. Did you have an opportunity to go over that paragraph with Mr. Holman?
> A. Yes.
>
> Q. And in fact, you understand that if the plea is accepted, and you are adjudged guilty of a felony offense, that there are significant penalties, and immigration consequences that flow thereafter. Do you understand that, sir?
> A. Yes.
>
> Q. In other words, **you would be subject to a deportation proceeding** and review by an immigration Judge. Do you understand that?
> A. Yes.

(D.E. No. 10, Ex. 2, March 26, 2013 Transcript ("Tr.") at 8:3-22 (emphasis added)).

Petitioner nevertheless argues that, following the Supreme Court ruling in *Padilla v. Kentucky*, 559 U.S. 356 (2010), he is entitled to habeas relief. In *Padilla*, the Supreme Court held that, when a "deportation consequence is truly clear . . . the duty to give correct advice is equally clear." *Id*. at 369. However, *Padilla* only addressed the performance prong of the *Strickland* analysis. *Id*.

Even if the Court were find that Holman's performance was deficient, Petitioner fails to meet the prejudice prong of *Strickland* test. In particular, any error in counsel's advice was "remedied by the District Court's in-depth colloquy, and thus Petitioner was not prejudiced." *United States v. Fazio*, 795 F.3d 421, 427 (3d Cir. 2015); *see also Thomas v. United States*, No. 09-5339, 2016 WL 3129614, at *7 (D.N.J. June 1, 2016) (citing *Fazio*, 795 F.3d. at 428) ("Although the record does not contain evidence of what advice counsel actually provided to Thomas, whatever deficiency or error that may have existed in that advice was cured by the plea agreement and the plea colloquy."). Any possible error in plea counsel's advice to Petitioner was cured by the plea agreement itself and at the plea colloquy. The colloquy made clear that Petitioner was willing to plead guilty even if that plea would lead to automatic deportation, fulfilling the requirement that Petitioner be informed of this risk under *Padilla*. Therefore, because Petitioner is unable to show prejudice, habeas relief is denied.

## V.  CERTIFICATE OF APPEALABILITY IS DENIED

This Court must determine whether Petitioner is entitled to a certificate of appealability in this matter. *See* Third Circuit Local Appellate Rule 22.2. The Court will issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that Petitioner has not demonstrated that "jurists

of reason could disagree with the [Court's] resolution of his constitutional claims," therefore the Court will not issue a certification of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## IV. CONCLUSION

Because any error in counsel's advice was remedied in the plea colloquy itself, Petitioner failed to meet the prejudice prong of *Strickland* and habeas relief is thus denied and a certificate of appealability shall not issue.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**